IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

TYLER HENLEY,

      Plaintiff,

v.

MAZZELLA LIFTING
TECHNOLOGIES, INC.,

      Defendant.

Case No. 25-CV-00788-G

**PLAINTIFF TYLER HENLEY'S RESPONSE IN OPPOSITION TO DEFENDANT MAZZELLA'S MOTION FOR TELEPHONE STATUS CONFERENCE AND ADDITIONAL SUBMISSION AND MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Tyler Henley ("Mr. Henley") hereby submits his Response in Opposition to Defendant Mazzella Lifting Technologies, Inc.'s ("Mazzella") Motion For Telephone Status Conference and Additional Submission Pertaining to Pending Motion for Preliminary Injunction (Dkt. 45) and Motion For Expedited Discovery and Brief in Support (Dkt. 46) (the "Motions") and requests the Court deny the relief requested therein. Mr. Henley shows the Court as follows:

**INTRODUCTION AND BRIEF FACTUAL BACKGROUND**

Mazzella's latest Motions are yet another disingenuous attempt to protect purportedly confidential information. The Motions are, in actuality, nothing more than Mazzella's latest attempt in their nearly yearlong crusade to penalize Mr. Henley for daring to work for a Mazzella competitor in the state of Oklahoma, where his non-competition and non-solicitation covenants are void and unenforceable. Indeed, and as detailed below,

325911242v.5

the real motive for these purportedly urgent motions is the fact that the covenants are set to expire on June 13, 2026 – not any real emergency.

Like in their Motion for Preliminary Injunction, in these Motions, Mazzella claims that Mr. Henley is using and/or disclosing Mazzella's confidential or trade secret information. What Mazzella is lacking, however, is ***any actual evidence*** that Mr. Henley even has any Mazzella information, let alone that he is using it. That is because to his knowledge, he does not. (Declaration of Tyler Henley, Dkt. 43-1 at ¶ 15.) Instead, a cursory review of the timeline of this case illustrates that these motions are not truly intended to protect information. Instead, these motions are just another step in Mazzella's ongoing campaign to penalize Mr. Henley for simply going to work for a competitor:

- **June 13, 2025 – Mr. Henley Resigns:** Mr. Henley resigned from his position at Mazzella and began working for a competitor, Bishop Lifting Products, Inc. At that time, Mr. Henley used concerted efforts not to retain any Mazzella information and informed Mazzella of that fact. (Declaration of Tyler Henley, Dkt. 43-1 at ¶¶ 6-12.)

- **June 13, 2025 - Mazzella Threatens to Enforce Non-Compete:** Mazzella threatened to enforce illegal restrictive covenants against Mr. Henley. (Dkt. 1-2 at ¶ 12.)

- **June 13, 2025 – Mr. Henley files Declaratory Judgment Action:** Mr. Henley filed this action in Oklahoma state court in Canadian County, seeking a declaratory judgment that the non-competition and non-solicitation provisions of Mr. Henley's Agreement with Mazzella are void and unenforceable under Oklahoma law and public policy. (*See generally*, Dkt. 1-2; Motion for Judgment on the Pleadings, Dkt. 24.)

**Mazzella's Response – Silence –No Emergency**

- **July 3, 2025 – Extension No. 1**: Rather than seeking a TRO, Preliminary Injunction, or Expedited Discovery, Mazzella requested a 14-day extension to answer or otherwise respond to Mr. Henley's Petition. (Dkt. 12, ¶ 3);

**Next Mazzella Step – No Emergency**

2

325911242v.5

- **July 16, 2025 – Removal:** Rather than seeking a TRO, Preliminary Injunction, or Expedited Discovery, Mazzella removes the action to this Court. (Dkt. 1.)

**Next Mazzella Step – No Emergency**

- **Summer 2025 – Extensions:** Rather than seeking a TRO, Preliminary Injunction, or Expedited Discovery, Mazzella feigns an interest in resolving this matter and seeks more extensions:

  - July 22, 2025 – Extension No. 2: Mazzella requested another 14-day extension to answer or otherwise respond to Mr. Henley's Petition (Dkt. 12, ¶ 6);

  - August 5, 2025 – Extension No. 3: Mazzella requested yet another 14-day extension to answer or otherwise respond to Mr. Henley's Petition. (Dkt. 19, ¶ 7).

**Next Mazzella Step – No Emergency**

- **August 20, 2025 – Answer & Counterclaim:** Rather than seeking a TRO, Preliminary Injunction, or Expedited Discovery, Mazzella files an Answer and Counterclaims, asserting multiple causes of action, but did not seek injunctive relief (let alone emergency relief). (Dkt. 21 at ¶¶ 36-83.)

- **October 10, 2025 – Mr. Henley files MJOP and MTD:** In response to Mazzella's counterclaims, Mr. Henley filed a Motion for Judgment on the Pleadings[1] and a Partial Motion to Dismiss, which are pending before the Court. (Dkt. 24, 25.)

  - Facing a potential judgment – Mazzella manufactures an emergency

- **November 21, 2025 – Mazzella's Motion for PI:** Nearly six months after the commencement of this action, Mazzella filed its Motion for Preliminary Injunction, asserting that somehow there was an emergency despite Mazzella's delay in pursuing this motion. (Dkt. 36-4.) Moreover and as detailed in Mr. Henley's Response, there is not any emergency.

- **March 3-6, 2026 – Mr. Henley attends a Conference:** Mazzella employees see Mr. Henley at a conference talking with and attending a vendor dinner in Las Vegas, Nevada.

---

[1] Mr. Henley would have filed his MJOP sooner had he known Mazzella's interest in resolving this lawsuit was not sincere.

3

**Facing the June 13, 2026, expiration of Mr. Henley's restrictive covenants – Mazzella manufactures an emergency**

- **May 4, 2026 – Mazzella's Motions for Expedited Discovery and Status:** Two months after witnessing Mr. Henley at a conference, Mazzella files the instant Motions for a Status Conference, Additional Submissions concerning its Motion for Preliminary Injunction, and Expedited Discovery. The purported basis for these urgent motions is that Mr. Henley attended the conference months before. (Dkt. 45, 46.)

As is obvious, Mazzella's cries of an emergency once again ring hollow. When viewed in light of this timeline, Mazzella's pattern is clear: the purpose of the instant Motions is because the 12-month clock on the unenforceable covenants is about to expire, not any emergency concern regarding its information.

Indeed, Mazzella's instant Motions are premised on two declarations with information Mazzella allegedly obtained in March 2026. Mazzella provides no explanation for this months-long delay in filing these declarations. Further, these declarations contain **no evidence** that Mr. Henley possesses, let alone has used or disclosed, Mazzella's information. Of course, there is nothing illegal about Mr. Henley attending an industry conference, event, or dinner. Additionally, Mazzella's expedited discovery requests are not narrowly tailored to their Motion for Preliminary Injunction, again highlighting the disingenuity of their assertions that their motions somehow relate to any emergency concerning purported confidential information. Given the disingenuous nature of Mazzella's Motions and the lack of an emergency, the Motions are due to be denied and the Court's rulings and discovery should proceed in the normal course in this matter.

4

325911242v.5

## **LEGAL ARGUMENT**

A party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). While the good cause standard *may* be satisfied where a party seeks a preliminary injunction, in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery. *Id.* Here, Mazzella has not shown good cause for expedited discovery given its long delay in filing a motion for expedited discovery and given the excessive overbreadth of its expedited discovery requests. As a result, the Motion for Expedited Discovery is due to be denied.

First, Mazzella waited over ten months since the filing of this lawsuit and five months since filing its Motion for Preliminary Injunction to request expedited discovery. (Dkt. 35, filed November 21, 2025; Dkt. 46 filed May 4, 2026). Despite their protestations to the contrary, there is simply no emergency. Mazzella's Motion for Expedited Discovery is due to be denied on that basis alone. *See Colorado Montana Wyoming State Area Conf. of the NAACP v. United States Election Integrity Plan*, No. 22-CV-00581-PAB, 2022 WL 1443057, at *3 (D. Colo. May 6, 2022) (denying motion for expedited discovery where party moving for preliminary injunction did not file motion for expedited discovery immediately with request for injunction and waited months to seek information it claimed was necessary).

Mazzella makes no attempt to explain this extensive delay in seeking expedited discovery, highlighting the fact that no emergency exists here and that expedited discovery

5

is not warranted. Rather, as discussed above, Mazzella seeks to penalize and harass Mr. Henley for daring to work for a competitor.

Furthermore, Mazzella's assertion that it has "identified specific evidence demonstrating that Mr. Henley retained, transferred, and continues to access Mazzella's Confidential Information" is disingenuous at best, as detailed in Mr. Henley's Response to Mazzella's Motion for Preliminary Injunction. (Dkt. 43.) And, the declarations Mazzella now attempts to submit in support of its Motion for Preliminary Injunction also offer zero evidence that Mr. Henley actually possesses or has used or disclosed Mazzella's information. *See* Dkt. 45-1, 45-2. There is no evidence that Mr. Henley has retained, transferred, or continues to access Mazzella's information.

In sum, Mazzella waited over ten months to move for expedited discovery, only doing so on the eve of the expiration of Mr. Henley's unenforceable non-compete and non-solicitation covenants, under the guise of stale "newly obtained" information that really adds nothing at all. For these reasons, Mazzella's Motion for Expedited Discovery is due to be denied. *Colorado Montana Wyoming State Area Conf. of the NAACP*, 2022 WL 1443057, at *3 ("Courts are justifiably skeptical of parties that seek preliminary injunctive relief without sufficient support and then rely on the Court's discovery processes to support their claims that they are clearly and unequivocally entitled to the drastic relief of a preliminary injunction.").

Second, Mazzella's expedited discovery requests are vastly overbroad and many are irrelevant to its Motion for Preliminary Injunction. Simply put, Mazzella's assertion that the expedited discovery is to support their Motion is not true. A few examples of discovery

6

requests which are totally irrelevant to the Motion for Preliminary Injunction, include the following:

- Produce all documents reflecting any offers of employment made to you by Bishop Lifting Products and all agreements between you and Bishop Lifting Products. (RFP No. 3, Dkt. 46-1 at p. 6.)

- Produce all documents reflecting your earnings and commissions for sales since beginning your employment with Bishop Lifting Products. (RFP No. 5, Dkt. 46-1 at p. 6.)

- Provide a complete copy of all social media accounts identified in your response to Interrogatory Nos. 3 through 4 from which you have communicated with any of Mazzella's customers, prospects, suppliers, current or former employees, vendors, or industry contacts, including, but not limited to, a listing of all connections, communications, and messages to and from such persons. (RFP No. 8, Dkt. 46-1 at p. 7.)

As is evident, Mazzella's Motion for Expedited Discovery is due to be denied based on its overbreadth as well. *Colorado Montana Wyoming State Area Conf. of the NAACP*, 2022 WL 1443057, at *3 (denying expedited discovery request not properly tailored to requested injunctive relief); *see also Qwest*, 213 F.R.D. at 421 n.1 ("The breadth of these discovery requests has a significant bearing on the court's decision to deny the motion for expedited discovery. Whether these same requests would be unobjectionable if propounded after a Rule 26(f) conference is a question the court need not address at this time.").[2]

---

[2] Additionally, the Court should not consider Mazzella's belated declarations. The declarations are not only two months old, but more importantly, they also fail to contain any new or urgent evidence regarding Mr. Henley's use of or possession of Mazzella's information. Rather, the declarations simply say that Mr. Henley attended a conference and a dinner. There is nothing wrong with Mr. Henley attending a conference or a dinner.

325911242v.5

## <u>CONCLUSION</u>

For the foregoing reasons, Mazzella's Motions should be denied. The Court's rulings and discovery in this matter should proceed in the normal course.

Dated: May 26, 2026

Respectfully submitted,

By: */s/ Robert C. Stevens*
J. Dillon Curran, OBA #19442
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone:  (405) 272-5711
Facsimile:  (405) 232-2695
dcurran@cwlaw.com

and
Robert C. Stevens*
bstevens@seyfarth.com
Georgia Bar No. 24072044
Katherine G. Poirot*
kgpoirot@seyfarth.com
Georgia Bar No. 886399

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
*Admitted pro hac vice*

*Counsel for Plaintiff Tyler Henley*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, the foregoing document was served via ECF on all counsel of record.

/s/ Robert C. Stevens
Robert C. Stevens

325911242v.5