**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TYLER HENLEY,** | |
| **Plaintiff/Counterclaim Defendant,** | |
| **v.** | **Case No. 25-CV-00788-G** |
| **MAZZELLA LIFTING TECHNOLOGIES, INC.,** | |
| **Defendant/Counterclaimant.** | |

**<u>DEFENDANT/COUNTERCLAIMANT'S REPLY IN SUPPORT OF ITS MOTION FOR TELEPHONE STATUS CONFERENCE AND ADDITIONAL SUBMISSION AND MOTION FOR EXPEDITED DISCOVERY</u>**

Defendant/Counterclaimant Mazzella Lifting Technologies, Inc. ("Mazzella" or "Defendant"), hereby submits its Reply in Support of its Motion for Telephone Status Conference and Additional Submission and Motion for Expedited Discovery. [Mazzella's Motion for Telephone Status Conference and Additional Submission, Dkt. 45; Mazzella's Motion for Expedited Discovery, Dkt. 46]. For the reasons described below, Plaintiff/Counterclaim Defendant Tyler Henley's ("Henley" or "Plaintiff") Opposition [Henley's Response in Opposition to Mazzella's Motions, Dkt. 47] fails to address the actual relief Mazzella seeks, mischaracterizes the record, and does not defeat the good cause supporting Mazzella's Motions.[1]

---

[1] Henley's Opposition opens with his repeated argument that Mazzella does not have "any actual evidence" that he retained, transferred, accessed, used, or disclosed Mazzella's confidential, proprietary, and trade secret information following the termination of his employment. Mazzella has already countered that argument in detail in its opposition to Henley's Partial Motion to Dismiss and in its Motion and Reply in Support of Preliminary

## I.    Henley Mischaracterizes the Posture of this Case and Mazzella's Declarations

Henley's Opposition presents a self-serving retelling of the procedural timeline to suggest that Mazzella's Motions are not truly intended to protect its information and instead relate to the time remaining on Henley's non-competition and non-solicitation restrictions. [Dkt. 47, at pp. 1–4]. This claim ignores the record. Mazzella has not, at any juncture in this case, sought to enforce Henley's non-competition and non-solicitation restrictions. Instead, Mazzella seeks a proposed order that enforces Henley's confidentiality obligations and requires a limited review process to confirm that Mazzella's confidential, proprietary, and trade secret information has been located, isolated, returned, and removed from Henley's possession, custody, or control. [See Proposed Order submitted to this Court concurrently with Dkt. 36]. Indeed, Henley's confidentiality obligations under his Mazzella Agreements, including the Specialty Ropes Confidentiality Agreement, are not subject to any time restriction. [Mazzella Agreement, Dkt. 21-1; Specialty Ropes Confidentiality Agreement, Dkt. 21-2].

Curiously, Henley objects to Mazzella's request for a telephone conference when no case schedule exists and no other avenue for any party to conduct discovery over Henley's or Mazzella's claims exists. In his "timeline" on pages 2 through 4 of his Opposition, Henley fails to address Mazzella's multiple efforts at obtaining reasonable

---

Injunction, and incorporates its prior arguments by reference here. [Mazzella's Response in Opposition to Henley's Partial Motion to Dismiss Counts III and IV of Mazzella's Counterclaim, Dkt. 27; Mazzella's Motion for Preliminary Injunction, Dkt. 35; Mazzella's Opening Brief in Support of its Motion for Preliminary Injunction, Dkt. 36; Mazzella's Reply in Support of its Motion for Preliminary Injunction, Dkt. 44].

solutions to avoid the need for motion practice and the Court's assistance. In his attack on Mazzella's efforts to move this case forward, Henley highlights his own calculated efforts and motives to delay even the pursuit of his own claims.

Throughout his Brief, Henley also mischaracterizes Mazzella's declarations, arguing that they "fail to contain any new or urgent evidence regarding Mr. Henley's use of or possession of Mazzella's information" and "simply say that Mr. Henley attended a conference and a dinner." [Dkt. 47, at p. 7 n.2]. But the declarations support a reasonable inference that Henley is using Mazzella's information to compete on behalf of Bishop. At these conferences, Henley represents Bishop in the specialty ropes market, pursuing relationships with key Mazzella suppliers with whom Mazzella has significant purchasing history and non-public preferential pricing, and operating in the same competitive space where he had access to Mazzella's confidential supplier, pricing, customer, product, and Specialty Ropes information. [Menzer Decl., Dkt. 45-1, at ¶¶ 4–8; Gerber Decl., Dkt. 45-2, at ¶¶ 4–9]. The declarations also show that, after Henley's departure, Bishop expanded into the specialty ropes segment through new inventory and equipment, and Henley directed a Bishop sales representative to call on at least one Mazzella customer. [Dkt. 45-1, at ¶¶ 7–8].

Mazzella's Motions are not disingenuous and do not seek unnecessary or unwarranted relief. Mazzella's request for a conference and limited expedited discovery is necessary because Henley continues to operate in the specialty ropes market while his possession of Mazzella's confidential, proprietary, and trade secret information remains unresolved and Mazzella has no avenue to discovery without the Court's permission.

## II. Mazzella Has Shown Good Cause for its Expedited Discovery Request

Despite Henley's protestations, the timing of Mazzella's Motion for Expedited Discovery does not defeat good cause. [Dkt. 47, at pp. 5–7]. Henley's reliance on *Colorado Montana Wyoming State Area Conference of the NAACP v. United States Election Integrity Plan*, 2022 U.S. Dist. LEXIS 82767, at *1 (D. Colo. 2022), is misplaced. There, timing was only one factor in the court's decision; the court had already denied the plaintiffs' TRO, and the plaintiffs also failed to explain why they could not obtain at least some of the requested information from their own members or identify what information existed only in the defendants' control. *Id.* at *6–8.

Here, Mazzella's pending Preliminary Injunction Motion involves unfair competition and the misuse of confidential, proprietary, and trade secret information, which supports good cause for expedited discovery. *Wright v. Doe*, 2022 U.S. Dist. LEXIS 125372, at *15–16 (N.D. Okla. 2022) (recognizing courts in the Tenth Circuit finding good cause for expedited discovery in cases involving unfair competition). Any delay is reasonable because the Motion remains pending, no discovery schedule exists, and Mazzella's additional declarations confirm the continuing need for discovery by showing Henley's ongoing activity in the specialty ropes market on behalf of Bishop and Bishop's expansion into that market after Henley's departure. [Dkt. 45-1, at ¶¶ 4–8; Dkt. 45-2, at ¶¶ 4–9].

Henley also challenges the scope of Mazzella's requests for documents reflecting his offer of employment and agreements with Bishop, documents reflecting his earnings and commissions from Bishop, and copies of social-media accounts from which he

communicated with Mazzella customers, prospects, suppliers, current or former employees, vendors, or industry contacts. [Dkt. 47, at p. 7; Mazzella's First Set of Interrogatories and Requests for Production of Documents, RFP Nos. 3, 5, 8, Dkt. 46-1, at pp. 6–7]. But those requests fit the requested injunctive relief.

Mazzella seeks an order prohibiting Henley from retaining, using, or disclosing Mazzella's Confidential Information and requiring a limited process to locate, return, and remove Mazzella's information from Henley's possession, custody, or control. [Dkt. 35, at pp. 1–3]. Henley's Bishop employment documents show the role Bishop hired him to perform and the business areas Bishop assigned to him after he left Mazzella. His earnings and commissions show sales activity tied to Bishop after his resignation, including sales involving Mazzella customers, suppliers, prospects, or specialty ropes opportunities. His social-media communications with Mazzella customers, prospects, suppliers, employees, vendors, or industry contacts show post-employment contact through channels where confidential customer, supplier, pricing, specialty ropes, or business information could be used or disclosed.

Each request therefore targets the same possession, use, disclosure, customer-contact, supplier-contact, and remediation issues that drive Mazzella's pending Preliminary Injunction Motion. Good cause therefore exists for the limited expedited discovery Mazzella seeks.

## III.   Conclusion

For these reasons, Henley's Opposition should be denied. Mazzella respectfully requests that the Court grant its Motion for Telephone Status Conference and Additional

Submission and its Motion for Expedited Discovery.

Respectfully submitted,

  s/ *Dylan C. Brown*
Elaine R. Turner, OBA #13082
Hilary H. Wise, OBA #35200
**Hall, Estill, Hardwick, Gable, Golden &
Nelson, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
eturner@hallestill.com;
hwise@hallestill.com

and

Ami J. Patel* Ohio Bar No. 0078201
Dylan C. Brown* Ohio Bar No. 0104992
**ZASHIN & RICH, CO., L.P.A.**
950 Main Avenue, 4th Floor
Cleveland, Ohio 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618
ajp@zrlaw.com; dcb@zrlaw.com
*Admitted pro hac vice*

**Attorneys for Defendant/Counterclaimant
Mazzella Lifting Technologies, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of June 2026, I electronically transmitted the

foregoing document to the Clerk of Court using the ECF System for filing and transmittal

of Notice of Electronic Filing to the following ECF registrants:

J. Dillon Curran, OBA #19442
Beth Attaway, OBA #35539
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
dcurran@cwlaw.com
battaway@cwlaw.com

Robert C. Stevens
Katherine Graham Poirot
Seyfarth Shaw LLP
1075 Peachtree Street, NE
Ste 2500
Atlanta, GA 30309
Email: bstevens@seyfarth.com
404-885-6727
Email: kgpoirot@seyfarth.com
Telephone: (404) 885-7987
Facsimile: (404) 892-7056

By  s/ *Dylan C. Brown*

**One of the Attorneys for Defendant/
Counterclaimant Mazzella Lifting
Technologies, Inc.**