**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TYLER HENLEY,** | ) | |
| | ) | |
| **Plaintiff/Counterclaim Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-788-G** |
| | ) | |
| **MAZZELLA LIFTING TECHNOLOGIES, INC., an Ohio Corporation,** | ) | |
| | ) | |
| **Defendant/Counterclaimant.** | ) | |

**ORDER**

Plaintiff Tyler Henley initiated this case in state court on June 13, 2025. *See* Pet. Decl. J. (Doc. No. 1-2). Defendant Mazzella Lifting Technologies, Inc. ("Mazzella") then removed the case to this Court on the basis of diversity jurisdiction.

On August 20, 2025, Mazzella filed its Answer, Affirmative Defenses, and First Counterclaims (Doc. No. 21), raising four counterclaims against Plaintiff. Plaintiff has moved to dismiss two of the counterclaims, *see* Doc. No. 25, and has not yet filed a responsive pleading as to the remaining counterclaims. *See* Order of Nov. 19, 2025 ("Plaintiff's answer to Mazzella's counterclaims shall be filed within fourteen (14) days of the issuance of the Court's order disposing of the Partial Motion to Dismiss." (citation omitted)).

Now before the Court is Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. No. 24), seeking entry of judgment pursuant to Federal Rule of Civil Procedure 12(c) as to the nonenforceability of certain provisions at issue in Plaintiff's Petition for

Declaratory Judgment. Mazzella has responded (Doc. No. 28), and Plaintiff has replied (Doc. No. 31).

Mazzella objects in relevant part that Plaintiff's Motion should be denied as prematurely filed. *See* Def.'s Resp. at 17-18. This objection is well taken. Rule 12(c) prescribes: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

> Federal Rule of Civil Procedure 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings.

5C *Federal Practice and Procedure (Wright & Miller)* § 1367 (3d ed.) (footnote omitted) (noting that the approach of considering a Rule 12(c) motion before an answer to a counterclaim has been filed "should be disfavored"); *see* Fed. R. Civ. P. 7(a).

Although Mazella has filed an answer to the initial Petition, no answer has yet been filed by Plaintiff as to certain of Mazzella's counterclaims. In accordance with numerous persuasive decisions, the Court finds that the pleadings are not "closed," and Plaintiff's Motion is premature. *See, e.g.*, *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 n.4 (7th Cir. 1982) ("[W]hen, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply."); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (explaining that Rule 7(a) "anticipates that the pleadings do not 'close' until an answer has been filed by the counter-defendant (unless the court orders a reply to the answer)"). A remedy under Rule 12(c) is therefore not available.

CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. No. 24) is DENIED.

IT IS SO ORDERED this 28th day of September, 2026.

CHARLES B. GOODWIN
United States District Judge